IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL R. SCHUBERT,

    Petitioner,

v.                                                                          CASE NO. 4:05-cv-00400-MP-AK

JAMES MCDONOUGH,[1]

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus, filed by Michael R. Schubert. Respondent has filed a response, arguing that the petition is untimely, Doc. 12, and Petitioner has filed a reply. Doc. 17. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the petition be denied as untimely filed.

On May 9, 1994, Petitioner pled nolo contendere to first degree murder and was sentenced to life imprisonment. Doc. C, Ex. A. He did not directly appeal his conviction and sentence. Petitioner's conviction therefore became final before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) on April 24, 1996. For convictions which became final before that date, the one-year period begins to run from the date

---

[1] James McDonough is now the Secretary of the Florida Department of Corrections and is hereby substituted in the stead of James Crosby.

of enactment of the AEDPA. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). Petitioner therefore had one year from April 24, 1996, to file his petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2244(d)(1)(A).

While a properly filed motion for post-conviction relief in state court would have tolled the running of that time period, during the relevant one-year period, Petitioner had nothing pending in state court whatsoever, and nothing he did in state court after the expiration of the statute of limitations serves to revive the time for filing here. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (tolling provisions do not restart statute of limitations once limitations period has expired); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002). In other words, the time for filing the instant petition had expired before Petitioner filed his motion for belated appeal in state court in October, 1997, and the filing of that motion could not toll a statute of limitations that had already expired.

Though the time for filing a § 2254 petition may be equitably tolled under certain extraordinary circumstances, a review of the documents reveals nothing to support equitable tolling. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (to qualify for equitable tolling, petitioner must show extraordinary circumstances that are both beyond his control and unavoidable even with diligence); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000).

This does not, however, end the inquiry, as Petitioner has made a claim of actual innocence, which creates an issue of whether Petitioner's assertion of actual innocence lifts "the procedural bar caused by [his] failure timely to file his [§ 2254 petition]." *United States v.*

*Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005). When a habeas petitioner asserts actual innocence in this situation, he must show that his conviction probably resulted from a constitutional violation. *Arthur v. Allen*, 452 F3d 1234, 1246 (11th Cir. 2006). He "meets the 'probably resulted' standard by demonstrating, **based on the new evidence**, 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Id*. (quoting *Schlup .v. Delo*, 513 U.S. 298 (1995)) (emphasis added). Thus, "[t]o be credible...a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

     A claim of actual innocence necessarily requires the presentation of new evidence. Without new evidence, there is no review of the merits of the constitutional claim. *Arthur*, 452 F.3d at 1245. Here, Petitioner does not present any new evidence whatsoever. Rather, he argues that his confession was coerced and illegally obtained, that his attorney was ineffective for failing to investigate his claim that the confession was given under duress, and that the prosecutor engaged in fraud during the plea colloquy. These claims are the same claims Petitioner belatedly presented to the state court and are claims which this Court does not even reach unless Petitioner presents new evidence raising "sufficient doubt about his guilt to undermine confidence in the result of the trial." *Schlup*, 513 U.S. at 317; see also *Bousley v. United States*, 523 U.S. 614, 624 (1998) (actual innocence means factual innocence, not "mere legal insufficiency"). Merely saying he is innocent is patently insufficient.

     Because Petitioner has not presented any new evidence of his "actual innocence," the

procedural bar caused by his failure timely to file the instant petition remains in place, and this cause should be dismissed with prejudice.

Accordingly, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus be **DENIED** and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this  *17th* day of August, 2007.

                                    *s/ A. KORNBLUM*
                                    **ALLAN KORNBLUM**
                                    **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations**